GLEASON v. THAW.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 206.

JUDGMENT ⬤⇒585—CONCLUSIVENESS—MATTERS CONCLUDED.

Plaintiff was employed to defend T., who was charged with murder. On August 8th, as claimed by him, T.'s mother, to induce him to extend credit to T., represented that all disbursements theretofore made by her for the defense of T. were made in her own behalf, and not as loans to T., that she had agreed with T. to pay all sums necessary in his defense other than plaintiff's charges, and that under his father's will T.'s income was subject only to specified restrictions. Plaintiff sued the mother on an alleged contract, made on August 8th, to make on her own behalf all disbursements necessary in the defense of T., other than payments to plaintiff, and the complaint was dismissed, on the ground that no breach of the contract pleaded was shown. *Held* that, while this dismissal barred a new action for representations, subsequent to August 8th, that she was making all such disbursements as agreed, since plaintiff had elected to rely on the contract, and not upon her representations that she was performing it, the judgment did not bar an action for the representations as to existing conditions prior to August 8th, nor as to the availability of T.'s income to meet his own obligations.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. ⬤⇒585.

Conclusiveness of judgment as dependent on theory of action or recovery, see note to Miller Iron Mining Co. v. M'Kinney, 96 C. C. A. 163.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendant in error, who was defendant below. The cause was disposed of below on the pleadings, complaint, answer, and reply; the court directing a judgment for defendant.

John B. Gleason, of New York City, pro se.

Kellogg & Rose, of New York City (Abram J. Rose and Alfred C. Petti, both of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The facts as stated in the complaint are these. Harry K. Thaw, defendant's son, was about to be tried under indictment for murder. The indictment was found June 28, 1906. Early in July plaintiff, at Harry Thaw's request, agreed to act temporarily for him as counsel, upon condition that the continuing of his services upon credit should cease unless in some way he was made certain and satisfied as to his ultimate payment. Under his father's will Harry Thaw was in receipt of an income somewhat in excess of $30,000; but, presumably, plaintiff realized that the amount of money which would be lavishly expended in his defense might make this sum insufficient to pay the bills. It is alleged in the complaint that on or about August 8, 1906, plaintiff had an interview with defendant, in which, "for the purpose of inducing plaintiff to perform [professional] services for her son upon a single credit to be extended to him, she stated and represented to the plaintiff as facts of her own knowledge and with the intention that plaintiff should perform services for Harry Thaw upon the latter's personal credit," as follows:

(1) That all the disbursements thus far made by her on account of her son were made in her own behalf, as mother and head of the family, and were not liabilities of her son to her, nor chargeable against him, unless by way of advances against his interest under her last will.

(2) That she had agreed with Harry Thaw to pay in her own behalf all sums necessary on account of her son and his defense (other than plaintiff's charges), by way of advancement and not creating any liability on his part for their repayment.

(3) That the only restrictions as to Harry Thaw's income under his father's will were contained in an abrogated codicil, and that the provisions of the will affecting his share were in all respects the same as the provisions as to her income, and were in all respects unconditional.

The complaint further alleges that about November 1, 1906, he had another interview with defendant, when she repeated, in substance, the former representations, stating that all her disbursements down to that date, including, of course, all from August 8th to about November 1st, were not liabilities of her son to her. It further alleges that plaintiff, relying on these representations, rendered services to Harry K. Thaw which have not been paid, and that the representations above stated were to the knowledge of defendant untrue and fraudulent.

The defense is based upon the record of a prior adjudication between plaintiff and defendant; the prior controversy arising out of the same transactions. In that case there was a judgment in favor of defendant. The argument in the case at bar is that plaintiff elected the remedy he sought to avail of in the prior action, and is therefore debarred from now seeking to avail of some different remedy. The prior action was before this court and disposed of in Gleason v. Thaw, 205 Fed. 505, 123 C. C. A. 573. The complaint in that action was inartificially drawn. It contained averments appropriate to an action on contract, and also averments appropriate to an action in tort. Commenting on this we said:

"Upon the argument plaintiff would not state definitely whether he sought to recover upon his alleged contract, or upon some tort; indeed, he contended that he relied on both."

We construed his pleading as a declaration on contract, and that construction is binding upon both parties. Inasmuch as the earlier action was disposed of on the pleadings, the alleged contract was taken as established. That contract made August 8, 1906, was found to be that:

"Defendant agreed that she would herself, in her own behalf as head of the family, make all the disbursements (other than payments to plaintiff) that were expedient on account of the indictment, and that such payments should be chargeable against her son only as advancement; i. e., advancements on what he would receive at her death, one-third of such advancements to be remitted under her will."

We affirmed the dismissal of the complaint in that prior action, because the facts averred did not show a breach of the contract pleaded, and on the pleadings taken as proved. As to all representations of defendant, subsequent to August 8, 1906, which would be in accord with the obligations of defendant under this contract, this prior adjudication is a flat bar. Plaintiff elected to rely on the contract and upon defendant fulfilling her obligations thereunder, not upon representations (alleged to be false) that she was fulfilling those obligations.

But that does not entirely dispose of the complaint in this later action. There remain the averments touching representations as to existing conditions prior to August 8, 1906; that all prior disbursements made by defendant on behalf of her son, subsequent to indictment and to save him from the penalty of his crime, were not loans, but paid by her as head of the family, with no recourse to her son for reimbursement. These were not disposed of in the prior suit. Nor were the averments as to willful misrepresentations as to the availability of Harry Thaw's income to meet his own obligations. We referred to them in the opinion incidentally, because the singularly composite structure of the complaint in that action invited a reference to them; but, when we held that the prior action was founded solely on the alleged contract, all reference to such alleged misrepresentations became, of course, obiter.

The judgment is reversed, with instructions to allow plaintiff to amend his complaint, so as to present the only issues which, under this opinion, he is entitled to try.